## CIRCUIT COURT OF THE CITY OF RICHMOND

Richmond Newspapers, Inc., et al.

v.

John T. Casteen, III

July 24, 1997

Case No. LC-1720

BY JUDGE T. J. MARKOW

This case is before the Court on a Petition for Writ of Mandamus brought under the provisions of the Virginia Freedom of Information Act, Va. Code Ann. § 2.1-346. The facts of the case are as follows.

The University of Virginia Health Services Foundation (HSF), wanting to analyze its billing practices with regard to Medicare, conducted an internal self-audit. As a result of this audit, a document was generated (report). This document was then transmitted to the federal government for the purpose of negotiating concerning what actions are to be taken for any discrepancies found.

The HSF is an independent entity, not directly part of the University of Virginia (University). However, the HSF is affiliated with, and has strong ties with, the University. The President of the University, Defendant John T. Casteen, III, is charged with monitoring critical issues of affiliated organizations such as the HSF to the extent they may affect the University. To this end, the University and the HSF have agreed to keep each other informed of important issues.

In compliance with this agreement, the HSF transmitted a copy of the report to president Casteen, along with a request that he keep the information confidential, due to the sensitive nature of the ongoing negotiations. Mr. Casteen has kept the report separate from other papers. He shared the report with certain members of his immediate staff but has otherwise not shared the materials, except that a copy was furnished the Court for *in camera* review.

Petitioner Richmond Newspapers, Inc., publishes a daily newspaper. Petitioner Thomas P. Kapsidelis is an editor with that newspaper. Kapsidelis contacted the University and asked for the disclosure of the report under the Virginia Freedom of Information Act. This request was refused. In support of its position, the University cited the exclusion to the disclosure rules under the Act at Va. Code Ann. § 2.1-342(B)(4)(ii). Petitioners now ask the Court to order that the report be released.

All agree that the materials in issue are "official records" and are subject to disclosure under the Freedom of Information Act unless excluded. Va. Code Ann. § 2.1-342(A) and (B). Defendant Casteen claims the exclusion found in Va. Code Ann. § 2.1-342(B)(4)(ii), which provides in pertinent part:

> B. The following records are excluded from the provisions of this chapter but may be disclosed by the custodian in his discretion, except where such disclosure is prohibited by law ....
>
> 4. Memoranda, working papers and correspondence ... (ii) held or requested by ... the president or other chief executive officer of any state-supported institution of higher education ....

In the correspondence between Petitioner and the University, Casteen claims that the report is being held as a presidential "working paper."

Petitioners argue that the exclusion should not apply because this report does not fit any definition of working paper. The audit was conducted by an entity outside of the President's control. The report was prepared and finalized without the President's input. It was transmitted to a third-party (the Federal government) before the President even saw it. This is not a work in progress, Petitioners say. Even if it was, they continue, it is not the President's work. As such, they conclude, this is not a presidential working paper.

Defendant argues that Petitioners have construed the terms of the exclusion too narrowly. Casteen says that in his letter of July 3, 1997, his reference to the "specific code section Va. Code Ann. § 2.1-342(B)(4)(ii)," and his claim that the materials were "working papers" was sufficiently descriptive to protect the materials as either "memoranda, working papers or correspondence."

Assuming, without deciding, that the materials are not "working papers," it seems that there can be little doubt but that the materials are "correspondence." This word has a common meaning. It is unnecessary to resort to principles of statutory construction to determine what is meant. It is defined as the "Interchange of written communications. The letters written by a person and the answers written by the one to whom they are addressed." *Black's Law Dictionary* (6th ed. 1990), p. 344. Also "communications by

exchange of letters; letter writing." *Webster's New Twentieth Century Dictionary*, unabridged (2d ed. 1983).

The materials sought were a part of the correspondence from the Health Services Foundation to Defendant Casteen (the other part was the cover letter which was furnished to Petitioners). It is correspondence and thus may be excepted from disclosure under the Freedom of Information Act.

The Petition for Writ of Mandamus will be denied. The materials furnished by the defendant were reviewed. As they are no longer needed and as they are unnecessary to analysis of the legal issues, Mr. Kast shall pick them up from my chambers as soon as possible.